IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA BONNER | § | |
| TDCJ-CID NO. 856279, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-0568 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Joshua Bonner, a state inmate proceeding *pro se*, seeks federal habeas relief from the October 2009 disciplinary conviction number 20100056077, for refusing or failing to complete catching up with the squad without a legitimate reason, which is a Level 2, Code 25.0 violation of TDCJ-CID's Disciplinary Rules and Procedures for Offenders. (Docket Entries No.2, page 1; No.9, pages 4-5). As a result of such conviction, petitioner was restricted to his cell for thirty days, his commissary privileges were restricted for thirty days, and he forfeited sixty-days of good conduct time. (Docket Entry No.9, page 4). Petitioner indicates that he is not eligible for release to mandatory supervision. (Docket Entry No.1, page 5).

Respondent has filed a motion for summary judgment. (Docket Entry No.8). Petitioner has not filed a response to the motion. For the reasons to follow, the Court will grant respondent's motion for summary judgment and dismiss this habeas action.

I. BACKGROUND

Ellis Unit's Correctional Officer A. Crockett charged petitioner with a major offense of refusing or failing to complete catching up with the squad without a legitimate reason. (Docket Entry No.9, page 4). Crockett alleged in the Offense Report that petitioner was instructed to catch up with the squad and to stop talking; instead, petitioner talked more, saying

1

there "you go again with that bullsh-t." (*Id.*, page 5). Petitioner was given the order a second time and caught up with the squad; he did not, however, stop talking. (*Id.*). Petitioner was ordered to be quiet; he failed to do so and cursed the officer, saying "F-ck you, you ain't going to talk to a grown a-- man like that." (*Id.*).

Petitioner entered a "not guilty" plea to the offense at the disciplinary hearing on October 27, 2009. (*Id.*, page 4). He stated at the hearing that "we were all working at our own pace planting. It seems I'm being retaliated against by this officer." (*Id.*, page 11). The charging officer stated that petitioner "was lagging behind the squad – he was told to catch up. [Petitioner] failed to do so and was mouthing at me. I told him again [and] this time he caught up but didn't quit talking." (*Id.*). The charging officer was subjected to three questions on cross-examination. The officer responded that the offenders were not working but travelling across the field and that petitioner was lagging behind everyone else. (*Id.*). The disciplinary hearing officer found the evidence to be non-frivolous and found petitioner guilty of the offense. (*Id.*).

On November 24, 2009, petitioner filed Step 1 Grievance Number 2010038808, appealing the disciplinary conviction on grounds that there was no evidence to support the conviction because the charge did not correspond with the elements of a Level 25.0 violation and Officer Crocker fabricated the allegations in retaliation for plaintiff filing a grievance against him. (*Id.*, pages 14-15). The response to the grievance found no procedural errors and sufficient evidence to support his guilt and punishment. (*Id.*, page 15).

In Step 2 Grievance Number 2010038808, petitioner again complained of no evidence because the charge itself was unclear. (*Id.*, pages 16-17). He again voiced concern that the charge was retaliatory because he had filed a grievance against Officer Crocker. (*Id.*, page 17). Again, he was denied relief. (*Id.*).

Petitioner filed the pending petition on February 18, 2010, seeking federal habeas relief on grounds that (1) there is no evidence to support the disciplinary conviction; and (2) Officer Crocker charged him with disciplinary offense in retaliation for petitioner filing grievances against a co-worker. (Docket Entries No.1, No.2, No.6).

Respondent contends that because petitioner is not entitled to release on mandatory supervision, he is not entitled to federal habeas relief and fails to state an actionable claim. (Docket Entry No.8).

## II. ANALYSIS

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### A. Due Process

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In addition to the procedural safeguards articulated in

*Wolff*, disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985).

However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). In Texas, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Petitioner is ineligible for release to mandatory supervision, therefore, the forfeiture of his good time credit does not implicate a liberty interest giving rise to a due process concern. Moreover, the other punishment assessed in plaintiff's disciplinary case does not impinge upon a liberty interest and therefore, does not implicate the Due Process Clause. *See id.* at 768 (loss of commissary privileges and cell restriction). Because none of the disciplinary sanctions imposed in this case deprive petitioner of a protected liberty interest, his "no evidence" claim is not an actionable habeas claim. Respondent, therefore, is entitled to summary judgment on this claim.

B. Retaliation

Petitioner also claims that Officer Crocker retaliated against him by filing three "bogus" disciplinary cases, which includes the pending case, after petitioner filed Grievance No.2009173430 against Crocker's co-worker and senior officer, J. McGlothen on June 16, 2009.[1] Petitioner claims that McGlothen was using vulgar language to threaten and harass him. (Docket Entry No.2, page 5). Petitioner claims that three months after he filed the grievance against McGlothen, Crocker filed the present disciplinary case on October 21, 2009. (Docket Entries No.2, page 6, No.6, page 2). Petitioner appealed all three convictions on grounds of "no evidence" and retaliation. (Docket Entry No.2, page 6). The last disciplinary case filed by Crocker, *i.e.*, Disciplinary Case Number 2010075985, was overturned on January 22, 2010, with respect to the loss of petitioner's good time credit. (*Id.*).

Petitioner notes that no one told petitioner that he would suffer any consequences because he filed the grievance against McGlothen and the grievances from his disciplinary convictions. (*Id.*, page 3). McGlothen, however, told petitioner that he did not care if petitioner wrote him up and that "he was gonna ride my a-- every chance he got." (*Id.*).

Petitioner believes that the disciplinary conviction at issue in this case is retaliatory because the charge is false[2] and does not comport with the elements of a Code 25.0 violation and because petitioner has never had a problem with another guard nor a disciplinary

---

[1] Petitioner alleges that on October 21, 2009, Crocker filed the disciplinary case for the conviction at issue in this case. On November 3, 2009, Crocker filed Disciplinary Case Number 20100005398 against petitioner for failing to maintain boots that were put in petitioner's cell. On November 10, 2009, Crocker wrote Disciplinary Case Number 20100075985, accusing petitioner of refusing to turn out for a work assignment after Crocker witnessed the warden instruct petitioner to go home as he attempted to talk to her about his problem with Crocker. (Docket Entry No.6, page 2). The last disciplinary case was overturned. (*Id.*).

[2] Petitioner's allegation that the disciplinary charge is fabricated also goes to the credibility of the evidence presented at the hearing. "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The alleged falsity of a witness' statement is not a matter for habeas review.

case. (*Id.*, page 2). He claims that as a result of Crocker's retaliation, he has suffered the loss of good conduct time and been subjected to cruel and unusual punishment in violation of the Eighth Amendment; he has also suffered a violation of his First Amendment right to complain of a guard's mistreatment. (*Id.*, page 1).

Although retaliation it is not expressly referred to in the Constitution, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sinderman*, 408 U.S. 593, 597 (1972). Retaliation, however, is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). "A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). To state a retaliation claim, an inmate must invoke a specific constitutional right, the defendants' intent to retaliate against the inmate for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.* "but for the retaliatory motive the complained of incident . . . would not have occurred." *Id.* at 1166. Conclusory allegations are insufficient to establish a retaliation claim. *Id.* The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Petitioner has produced no direct evidence of Crocker's intent to retaliate against him because he filed a grievance against a co-worker. By petitioner's account, McGlothen indicated that he did not care if petitioner filed grievances against him. Nor has petitioner stated

6

a chronology of events by which the Court may plausibly infer a retaliatory motive or causation given the temporal proximity of the grievance that petitioner filed against McGlothen and the first disciplinary charge filed by Crocker. The mere fact that one incident precedes another is not proof of a causal connection. *See Tampa Times Co. v. National Labor Relations Board,* 193 F.2d 582 (5th Cir. 1952). Petitioner contends that the allegations in the disciplinary action are false; however, he was found guilty of the charge. Although not conclusive, the existence of a legitimate prison disciplinary report is not an absolute bar to a retaliation claim, but it is "probative and potent summary judgment evidence." *Wood*, 60 F.3d at 1166.

Petitioner states no facts with respect to the punishment he describes as cruel and unusual; therefore, he fails to state an actionable claim under the Eighth Amendment. Likewise, he fails to show that he has suffered any violation of his right to complain of a guard's alleged mistreatment. By his own account, petitioner has continued to file grievances complaining that Officer Crocker has retaliated against him by filing false disciplinary charges.

Based on this record, the Court finds that petitioner has not stated an actionable retaliation claim. Respondent is entitled to summary judgment on this claim.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

The Court finds that there is no genuine issue of material fact in this habeas action, and that the respondent is entitled to summary judgment as a matter of law. It is, therefore, ORDERED as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No.8) is GRANTED.

2. This petition is DISMISSED with prejudice.

3. A certification of appealability from this decision is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of the Order to the parties.

SIGNED at Houston, Texas, this 1st day of March, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE